## BASSETT v. BAKER.

Error—goods levied on may be left with a stranger—but in such cases, the officer surrenders possession—trover—a conversion must be proved.

A constable levying on property, may leave it in the custody of a third party, taking a receipt for the delivery for his own security; but in so doing, he parts with the possession, and does not constructively continue to aid him to retake it; his remedy, if the property is not delivered, is against his bailee.

In case goods are delivered to a bailee for safekeeping, there must be an actual conversion, or a demand and refusal, before trover is brought.

If the court order a non suit, and the plaintiff refuse to submit, the court must enforce its order; that state of things does not authorize the court to order the jury to find for the defendant.

A declaration in trover is bad, if no conversion is laid.

ERROR. Bassett brought trover against Baker, for a pair of oxen. The only *conversion* laid in the declaration, was a *general refusal* to deliver, like a general refusal to pay in assumpsit. To the plea of not guilty, was annexed a notice, that the property in the oxen was in one Andrews, who had the possession, and the taking by the defendant was on an execution against Andrews.

On the trial, it appeared, that the plaintiff being a constable, and having an execution against Andrews, levied on the oxen. One Mason took them and gave the constable a forthcoming receipt for them. They were afterwards in the possession of Andrews, and used by him, were levied upon on an execution against him, and sold to Webb, and by Webb to the defendant, Baker.

Upon this evidence, the defendant moved for a non suit, which was ordered, but the plaintiff refusing to submit, the court instructed

[Haywood and Higgins v. Victor.]

the jury to find for the defendant, which was done. On this, there was judgment; to reverse which, this writ is brought.

*E. Andrews*, for the plaintiff, cited 29 *O. L.* 184; 6 *John. R.* 196; 7 *John. R.* 32.

*Williams* and *Boalt*, contra.

WRIGHT, J. The statute authorizes constables who have taken property in execution, (29 *O. L.* 184) to leave it in the possession of the defendant, taking security for his own indemnity. The receipt or bail is his security; he is the sole judge of it. He does not continue to hold the possession, nor can he retake the property and sell, unless returned to him. There is no continued *constructive* possession. His remedy is on the receipt. In this, the plaintiff made no case to recover. There was no evidence, either, of an actual conversion; for, the time Andrews had a right to use, they were his oxen; they might never again be in a situation for the constable to possess them. If his possession, then, were held constructively to continue, Baker was under no obligation to take the cattle to him, and he should have proven at least a demand and refusal to show a conversion. The court below, in our opinion, were right in ordering a non suit; but they erred in yielding to the refusal of the plaintiff to submit to the order, and then instructing the jury to find for the defendant, instead of submitting the cause to them on the evidence. The declaration is bad, as it alleges no conversion. The judgment is, therefore, reversed, and the cause remanded for further proceedings.